## TAFT *against* B. HOPPIN and T. C. HOPPIN.

Where, in assumpsit, one of two defendants only was originally arrested, the other is so far a party to the suit as to be within the protection, *eundo, morando et redeundo.*

The application to relieve a suitor from arrest, on the ground of this privilege, is an application to the discretion of the court, and they will so exercise it, that the defendant shall not be oppressed on the one hand, nor the plaintiff, on the other, be deprived of a trial within the state. When the defendant resides out of the state, and is entitled to such privilege, the court will order the bail bond to be cancelled, upon the defendant's filing common bill.

THIS was an application to discharge the defendant, B. Hoppin, from the custody of the sheriff of the city and

county of New York, on the ground of privilege, as a suitor of the court.

It appeared, from the affidavit of B. Hoppin, that he was an inhabitant of Rhode Island, and had come to the city of New York to attend the trial of an action in this court, brought by the above named plaintiff, against the above defendants as co-partners. That the said cause having been tried, and the plaintiff non-suited, the defendant, B. Hoppin, on the same day, but after returning to his lodgings, was arrested upon a *capais ad respondendum* in favor of the plaintiff, and held to bail. It also appeared that T. C. Hoppin was the only defendant arrested in the original action.

*Anthon* resisted the discharge of the defendant, on the ground,

1st. That, not having been arrested in the original action, the privilege of a suitor could not be extended to him; and

2d. That the privilege could not be so far extended, as to carry the party beyond the jurisdiction of the court.

THOMPSON, C. J. This defendant, although not arrested in the original action, is under the statute a party to a certain extent, and consequently entitled to the privilege of a suitor. This, however, is an application to the discretion of the court, and, as on the one hand, the defendant being a stranger, may not be able to procure bail, the bail bond must be cancelled, the plaintiff, however, is entitled to have his action tried here, and the defendant, therefore, ought to be held to common bail.

*Griffen*, for defendant, contended that the discharge ought to be absolute, and requested time to produce authorities, which was allowed him, and on the succeeding day. Cited Str. 1094.

*Anthon*, cited 7 Johns. 538; *Long's case*, 2 Mod. 181; *Barnard* v. *Mordaunt*, Barns. 110.

THOMPSON, C. J. Let the defendant's bail bond be cancelled, upon his indorsing his appearance on the *capias*.(1)

(1) On this subject the books are not sufficiently precise. The privilege of the suitor or (more correctly speaking) of the court, is indeed every where recognized, but the reported cases seldom disclose how the privilege was enforced. The cases cited by the plaintiff's counsel, are, in this particular, the most strongly marked perhaps of any in the books, and are consistent with the course pursued by the court in the principal case.

In *Long's case*, (2 Mod. 181,) the defendant was arrested in the palace-yard, not far distant from the hall gate, the court being then sitting, and he being an attorney of this court, (C. B.) he, together with the officer, was brought into court, and the officer was committed to the fleet. The plaintiff, however, being an attorney of the K. B., the court ordered another of the sheriff's bailiffs to go with the prisoner to the K. B., and that court, when informed how the case was, discharged the defendant, after filing common bail. In the case of *Barnard* v. *Mordaunt*, the defendant was a member of Parliament, and was arrested and held to bail; before the expiration of the forty days next after the dissolution, (this being the privilege claimed by the commons,) he moved to have the bail bond delivered up, and by consent, a rule absolute was granted, to deliver up the bail bond on entering a common appearance. These, it is admitted, are not cases of suitors arrested, but it is submitted that the principle is the same.

In the case of *Bours* v. *Tuckerman*, (7 Johns. 538,) a suitor was arrested, and the same course pursued. There, the defendant appeared at the sessions in Madison county, by virtue of a recognizance, under which he was bound to appear, and while attending, and before he was discharged from his recognizance, he was arrested by the sheriff of Madison, on a *capias ad respondendum*, issued out of the supreme court, at the suit of the plaintiff, and al-

17

though he claimed privilege, in consequence of his attendance at the sessions, the sheriff carried him to his place of residence, where he was admitted to bail; after this, the defendant moved the supreme court to discharge him from the arrest, and to set aside the *capias* and proceedings, on an affidavit stating the above facts. The court, however, decided that the defendant was privileged from arrest, and as it appeared that he had no opportunity to apply to the court below to be discharged, and as the supreme court ought not to suffer its process to be executed in violation of the privileges of other courts, the court ordered the defendant to be discharged from his bail bond, and the arrest, on filing common bail, unless the plaintiff should elect, as he might, to waive the arrest altogether, and issue new process.